# In the United States Court of Federal Claims

No. 17-115T

(Filed April 29, 2022)

```
* * * * * * * * * * * * * * * *
                              *
                              *
MICHAEL & PHYLLIS GRUNTZ,     *
                              *
             Plaintiffs,      *
                              *
      v.                      *
                              *
THE UNITED STATES,            *
                              *
             Defendant.       *
                              *
* * * * * * * * * * * * * * * *
```

*Michael & Phyllis Gruntz*, Vero Beach, Fla., *pro se.*

*Jennifer Dover Spriggs*, Court of Federal Claims Section, Tax Division, Department of Justice, with whom were *David A. Hubbert*, Deputy Assistant Attorney General, *David I. Pincus*, Section Chief, and *Mary M. Abate*, Assistant Chief, all of Washington, D.C., for defendant.

## ORDER

WOLSKI, Senior Judge.

This case was brought by *pro se* plaintiffs Michael & Phyllis Gruntz, seeking a refund of less than $17,000 in taxes paid (plus interest) for calendar year 2011, due to alleged legal and music business expenses. *See* Compl. at 1–3, 6, 11, 13. As the discovery cut-off approached, the plaintiffs indicated that they would soon have counsel for this matter to defend them in their depositions, but the lawyer identified neither appeared here nor responded to the government's communications. Def.'s Mot. to Enlarge Fact Discovery, ECF No. 12 at 1–3. The discovery period was extended to allow plaintiffs the opportunity to obtain a lawyer. Order (Apr. 16, 2018), ECF No. 13 at 1. Two months later, the plaintiffs indicated that the lawyer advising them was hesitant to join our court's bar and appear on their behalf, in part due to costs but primarily due to an unconventional expectation that nonmutual offensive collateral estoppel would apply against the federal

government. *See* Def.'s Mot. for Leave, ECF No. 15 at 1–2 (discussing U.S. Tax Court case involving Mr. Gruntz's sister); *but see United States v. Mendoza*, 464 U.S. 154, 162 (1984) (holding "that nonmutual offensive collateral estoppel simply does not apply against the Government").

At the government's request, the plaintiffs were ordered to either enter an appearance by an attorney or file a status report indicating they would continue to represent themselves. Order (Jan. 31, 2019), ECF No. 16 at 1. They timely filed a status report repeating their incomplete understanding of collateral estoppel doctrine and indicating that their attorney would not be entering an appearance at that time. Pls.' Status Rep., ECF No. 17 at 3–5.

On September 24, 2021, the government filed a motion to dismiss this case due to the plaintiffs' failure to prosecute it, under Rule 41(b) of the Rules of the United States Court of Federal Claims (RCFC). *See* ECF No. 19. Although the government noted in passing its inability to schedule depositions, *id.* at 2, its primary focus was on its dissatisfaction over the *pro se* plaintiffs' responses to other discovery requests, *see id.* at 5–9. Instead of requesting a new discovery cut-off, re-noticing depositions, or moving to compel discovery cooperation under RCFC 37(a), the government sought dismissal under RCFC 41(b), because of plaintiffs' desire that Mr. Gruntz's sister's Tax Court case be resolved first---again, due to their confusion regarding how collateral estoppel operates. *See id.* at 9–10. The government uncharitably characterized plaintiffs' February 28, 2019 status report as being "in contravention" of the Court's January 31, 2019 order, *see id.* at 3, although the former appropriately identified the plaintiffs as proceeding *pro se*, *see* Pls.' Status Rep. at 1, 5.

In any event, after the deadline for a response to the government's motion had passed with no word from the plaintiffs, they were tracked down at a new mailing address, at which they were served with an order allowing them to file a response to the motion on or by February 25, 2022. Order (Feb. 8, 2022), ECF No. 25 at 1. Although plaintiffs were on notice that failure to respond "will result in their case being dismissed for failure to prosecute under RCFC 41(b)," *id.*, no response was received and the case was dismissed, Order (Mar. 7, 2022), ECF No. 26 at 1.

Under the circumstances of this case, the Court determined that a dismissal without prejudice was appropriate. *Id.* This is hardly an uncommon treatment of *pro se* litigants in our court. *See, e.g., Shapiro v. United States*, No. 18-1780T, 2020 WL 3805918, at *3 (Fed. Cl. June 15, 2020); *Benitez v. United States*, No. 20-1055C, 2020 WL 8106623, at *2 (Fed. Cl. Jan. 13, 2020); *Patterson v. United States*, No. 15-1090C, 2016 WL 2858868, at *1 (Fed. Cl. May 11, 2016); *Bazile v. United States*, No. 15-1020C, 2016 WL 1306415, at *1 (Fed. Cl. Apr. 1, 2016); *Reeves v. United States*,

No. 14-777C, 2015 WL 5120985, at *1 (Fed. Cl. Aug. 31, 2015).[1] The government, however, has filed a motion to alter or amend judgment pursuant to RCFC 59(e), seeking to change the dismissal to one with prejudice. *See* Mot. to Alter or Amend J. (Def.'s Mot.), ECF No. 28 at 1–7. It argues that the requested alteration is "necessary to prevent manifest injustice." *See id.* at 5 (quoting *Magnum Opus Techs., Inc. v. United* States, 94 Fed. Cl. 553, 555 (2010)). The government recognizes that such injustice must be "apparent to the point of being almost indisputable," Def.'s Mot. at 5–6 (quoting *Pacific Gas & Elec. Co. v. United States*, 74 Fed. Cl. 779, 785 (2006)), and that the Court's power to dismiss a matter under RCFC 41(b) is "broad and discretionary," *id.* at 7 (quoting *Burbank Coll. of Ct. Reporting, Inc. v. United States*, 30 Fed. Cl. 100, 106 (1993)).

The government, however, fails to identify any "manifest injustice" resulting from the dismissal without prejudice of a tax refund lawsuit concerning a tax year from eleven years ago, filed by *pro se* litigants with apparently one day remaining of the limitations period. *See* Compl. at 1, 5; 26 U.S.C. § 6532(a)(1). Defendant argues that a plaintiff's "failure to prosecute its case amounts to an implicit admission that it is unable to meet its burden of proof," warranting an adjudication on the merits. Def.'s Mot. at 6. But this cannot always be the case, for RCFC 41(b) on its face authorizes a departure from that default position: "*Unless a dismissal order states otherwise*, a dismissal under this subdivision . . . operates as an adjudication on the merits." RCFC 41(b) (emphasis added). To be sure, when a party fails to oppose a dispositive, merits-based motion, dismissal with prejudice under RCFC 41(b) would seem an appropriate resolution of the matter. But in this case, the discovery delays due to the *pro se* plaintiffs' confusion about the applicability of collateral estoppel would typically have resulted in a discovery order of some sort, and warranted dismissal only because they failed to respond to the government's motion.[2]

The government also speculates that "a dismissal with prejudice would potentially have collateral estoppel effect on" claims for refunds concerning other tax years. Def.'s Mot. at 6–7. On this point, the government seems to share plaintiffs' unrealistic expectations concerning the use of collateral estoppel in tax

---

[1] This approach was even followed when a corporation's counsel withdrew from a case and the counsel identified as his replacement failed to enter his appearance to oppose a motion to dismiss the case. *Strand Elec. Serv. Co. v. United States*, 14 Cl. Ct. 763, 766 (1988).

[2] The Court notes that plaintiffs did respond to the government's RCFC 59(e) motion, by a letter which was filed as their opposition to that motion. *See* ECF No. 30. Although this opposition rests on a misunderstanding of their appeal rights, it confirms the Court's suspicion that plaintiffs were not aware of the motion to dismiss the case before the Court issued the February 8, 2022 order.

refund claims, as it is "confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding." *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 599–600 (1948). Its applicability is thus highly unlikely, given the vintage of the claims in question and the fact that the plaintiffs have no other pending refund claims in our court. In any event, the potential need to defend claims for tax refunds involving the same parties hardly works a "manifest injustice," considering that, in a case relied upon by the government, Def.'s Mot. at 5–6, the loss of $8.7 million in damages did not satisfy this standard. *See Pacific Gas & Elec. Co.*, 74 Fed. Cl. at 785.

Finally, the government stresses that it "expended significant resources attempting to litigate in good faith the issues raised in the complaint in this case." Def.'s Mot. at 6. Defendant apparently fails to appreciate the irony in this argument, as it chose to expend additional resources, and commandeer those of the court, pursuing the exotic contention that a dismissal of a *pro se* case without prejudice can result in a manifest injustice warranting alteration. In these circumstances, it cannot. Upon reflection, perhaps the Court should have denied the RCFC 41(b) motion as moot, and made it clear that the failure to prosecute the case rested on the lack of an opposition to that motion, and not the matters that motion concerned. But that is not the alteration defendant seeks. For the reasons stated above, the government's motion to alter or amend judgment is **DENIED**.

IT IS SO ORDERED.

VICTOR J. WOLSKI
Senior Judge